IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 314-05365-KL-7 |
| JASON ROBERT ADKINS | ) | CHAPTER 7 |
| DEBTOR | ) | JUDGE KEITH M. LUNDIN |
| | ) | |
| DAVID G. ROGERS, TRUSTEE | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| V. | ) | ADVERSARY NO. |
| | ) | |
| ONDECK CAPITAL, INC. | ) | |
| DEFENDANT. | ) | |

## COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFERS

David G. Rogers, Chapter 7 Trustee and Plaintiff (the "Trustee") for his complaint against OnDeck Capital, Inc. ("Defendant") respectfully alleges as follows:

### JURISDICTION

1. This court has jurisdiction over the parties and the subject matter of this proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

2. This action is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)

### FACTUAL BACKGROUND

3. On July 3, 2014, a Chapter 7 petition for relief was filed with this Court.

4. On March 30, 2014, Jason Adkins (the "Debtor") signed a loan agreement with OnDeck Capital, Inc. (the "Defendant").

5. On or within 90 days before the Petition Date, between April 3, 2014 and July 3, 2014 (the "Preference Period"), Debtor made multiple transfers of an interest in Debtor's property consisting of payment to or for the benefit of the Defendant (the "Transfers").

6. Such transfers caused the Debtor to become insolvent.

## PARTIES

7. The Plaintiff is the duly appointed and acting Chapter 7 Trustee for Debtor's bankruptcy estate.

8. The Defendant is either a corporation, partnership, governmental unit, individual, or entity, with a principal place of business at 901 N Stuart Street, Suite 700, Arlington VA 22203 who transacted business with Debtor and who received multiple transfers from the Debtor.

## COUNT ONE

9. The Trustee incorporates by reference paragraphs 1 through 8 as if fully set out herein.

10. During the Preference Period, Debtor made multiple transfers directly to the Defendant, which are hereinafter referred to collectively as the "Defendant Transfers".

11. The Defendant Transfers (Exhibit A) were made by means of an electronic withdrawal from a Debtor bank account in an aggregate amount not less than $21,528.54.

12. By this Complaint, the Trustee seeks to recover all Transfers made to or for the benefit of Defendant within the Preference Period, which include, but may not be limited to the amounts set forth in the preceding paragraph. Plaintiff will amend his complaint to add additional Defendant Transfers if any are discovered subsequent to the filing of this Complaint.

13. The Defendant Transfers were transfers of property of Debtor.

14. The Defendant Transfers were made for or on account of an antecedent debt owed by Debtor to Defendant before the Defendant Transfers were made.

15. The Defendant Transfers were made while Debtor was insolvent.

16. As a result of the Defendant Transfers, Defendant received more than Defendant would have received if (i) the Defendant Transfers had not been made; and (ii) Defendant had received payments of its debt to the extent provided by the provisions of the Bankruptcy Code.

17. Each of the Defendant Transfers constitute an avoidable preference within the meaning of 11 U.S.C. § 547.

18. Defendant was the initial transferee of the Defendant Transfers the intermediate or mediate transferee of the Defendant Transfers or the person for whose benefit the Defendant Transfers were made.

19. Pursuant to 11 U.S.C. § 550(a), the Trustee is entitled to recover from Defendant an amount, to be determined at trial, that is not less than the sum of the Defendant Transfers.

**WHEREFORE**, the Trustee respectfully requests that the Court:

A. Avoid and set aside the Defendant Transfers, grant judgment in favor of the Trustee for the amount of the Defendant Transfers as proven at trial from Defendant OnDeck Capital, Inc. together with the costs and expenses of this action and pre-judgment interest that has accrued since the Trustee first made demand for return of the Defendant Transfers;

B. Award the Trustee pre-judgment and post-judgment interest and assess costs against Defendants; and

C. Grant the Trustee such other and further relief as may be necessary and appropriate.

Respectfully submitted,

/s/David G. Rogers
David G. Rogers, #011658
Attorney for Trustee
7100 Executive Center Drive, Suite 120
Brentwood, Tennessee 37027
(615) 377-7722 or fax (615) 377-7758
dgrtrustee@comcast.net

## EXHIBIT A - DEFENDANT TRANSFERS

| DATE | AMOUNT |
|---|---|
| 4/3/2014 | $ 652.38 |
| 4/4/2014 | $ 652.38 |
| 4/7/2014 | $ 652.38 |
| 4/8/2014 | $ 652.38 |
| 4/9/2014 | $ 652.38 |
| 4/10/2014 | $ 652.38 |
| 4/11/2014 | $ 652.38 |
| 4/14/2014 | $ 652.38 |
| 4/15/2014 | $ 652.38 |
| 4/16/2014 | $ 652.38 |
| 4/17/2014 | $ 652.38 |
| 4/18/2014 | $ 652.38 |
| 4/21/2014 | $ 652.38 |
| 4/22/2014 | $ 652.38 |
| 4/23/2014 | $ 652.38 |
| 4/24/2014 | $ 652.38 |
| 4/25/2014 | $ 652.38 |
| 4/28/2014 | $ 652.38 |
| 4/29/2014 | $ 652.38 |
| 4/30/2014 | $ 652.38 |
| 5/1/2014 | $ 652.38 |
| 5/2/2014 | $ 652.38 |
| 5/5/2014 | $ 652.38 |
| 5/6/2014 | $ 652.38 |
| 5/7/2014 | $ 652.38 |
| 5/8/2014 | $ 652.38 |
| 5/9/2014 | $ 652.38 |
| 5/12/2014 | $ 652.38 |
| 5/13/2014 | $ 652.38 |
| 5/14/2014 | $ 652.38 |
| 5/15/2014 | $ 652.38 |
| 6/4/2014 | $ 652.38 |
| 6/5/2014 | $ 652.38 |
| | **$ 21,528.54** |